OPINION OF THE COURT
David B. Saxe, J.
The plaintiff wife in this matrimonial action moves for (1) *481 an order directing the defendant husband to produce all trust agreements in which he or the parties’ children have any interest, and all documents showing the assets held and income earned and distributed by such trusts, or, in the alternative, (2) an open commission to take the depositions of the defendant’s parents, who have established inter vivas trusts of which defendant believes he is a beneficiary.
The defendant opposes, inasmuch as the matter is already scheduled for trial and on the ground that the possibility and extent of his receiving any future funds from these trusts is uncertain and speculative. He cites Lobatto v Lobatto (109 AD2d 697 [1st Dept 1985]), in which the wife served an interrogatory on the husband seeking information regarding any expected inheritance. The Court struck the interrogatory, holding that the request "seeks speculation on future inheritances from someone who is yet alive. Aside from the difficulty in making such speculation, plaintiff has no right to such information, and it is highly questionable whether she would have a right to share in such future assets anyway” (supra, at 701). Also submitted is an affidavit from the defendant’s father, who protests that to require him and his wife to disclose the assets and earnings of their respective trusts would be tantamount to requiring them to disclose all their assets and earnings.
I sympathize with the defendant’s parents, who are not parties in this action and whose finances should be nobody’s business but their own. However, a particular provision of the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b] [e] [4]) may militate in favor of the challenged disclosure. It provides that "Where a parent is or may be entitled to receive non-recurring payments from extraordinary sources not otherwise considered as income pursuant to this section, including but not limited to * * * [g]ifts and inheritances * * * the court * * * may allocate a proportion of the same to child support” (emphasis supplied). Thus, the Legislature clearly contemplated that potential future inheritances, to which a party "may be entitled,” are relevant to a determination of child support. Moreover, in the Lobatto case (supra), upon which defendant relies, there were no children of the marriage and thus no claim for child support. Accordingly, the court did not consider whether such information was discoverable on the issue of child support, and in any case, that decision predated the CSSA.
Given the right to broad financial disclosure in matrimonial *482 cases involving equitable distribution, maintenance or child support, I am constrained to conclude that the information as to an inheritance to which defendant may in the future be entitled is discoverable, since it may be relevant to the issue of child support, particularly where there are young children.
Accordingly, the motion is granted. If such trust instruments and information are not produced by the defendant within 10 days of service of a copy of this order with notice of entry, plaintiff may submit an open commission.